## Chicago Union Traction Company v. Dorothea Nuetzel, Executrix, etc.

### Gen. No. 11,195.

1. Motorman—*duty of, to exercise ordinary care.* It is the duty of
a motorman to use ordinary care at a street crossing immediately after
a car bound in the opposite direction has stopped there for the purpose
of discharging passengers.

2. Instruction—*must be based upon the evidence.* An instruction
must be predicated upon some evidence in the case.

3. Instruction—*must not be argumentative.* An instruction which
is argumentative is properly refused.

Action on the case for death caused by alleged wrongful act. Appeal
from the Superior Court of Cook County; the Hon. Philip Stein, Judge,
presiding. Heard in the Branch Appellate Court at the March term,
1903. Affirmed. Opinion filed June 17, 1904.

John A. Rose and Louis Boisot, for appellant; W. W.
Gurley, of counsel.

George W. Hess and Henry S. Wilcox, for appellee.

Mr. Presiding Justice Freeman delivered the opinion
of the court.

This is an appeal from a judgment for damages occa-
sioned by the death of one John S. Nuetzel. The accident
occurred between nine and ten o'clock at night on West
Twelfth street, Chicago, at or near the corner of Sawyer
avenue. There is evidence tending to show that the de-
ceased was somewhat deaf; that he had alighted from one
of appellant's west-bound cars; that after it had passed, he
started to cross the street behind it and was struck by the
east-bound car, receiving injuries which caused his death.
The car by which he was injured was brilliantly lighted by
electricity, and there is evidence that the motorman rang
the bell before his car came in contact with the deceased.
There is conflict in the evidence as to the speed at which
the car was moving and as to the time which elapsed after
deceased got off the west-bound car before he was struck

by the car going eastward.    The night was somewhat foggy and there was a drizzling rain.

We are of opinion that the evidence justifies the conclusion that appellant's car was at the time moving with considerable speed.   The force of the blow received by the deceased was such as to throw his body a distance of about ten feet, according to the testimony of a policeman who saw the accident, and of the conductor of the car which struck him.   His skull was fractured, his jaw bone and collar bone were broken and there were other injuries, indicating the force of the blow which he received.   The car moved in the neighborhood of a hundred feet, apparently, after the collision before it was stopped.   The accident occurred at a crossing immediately after a west-bound car had stopped there from which the deceased had alighted, and where it was reasonable to suppose passengers from that car or others might be crossing the street.   Under these conditions it was the duty of the motorman to use ordinary care.   Whether the car was going at a negligent rate of speed at the time and place of the accident was a question of fact for the jury.   We cannot agree with appellant's contention that the evidence does not sustain the verdict.

It is urged that the court erred in refusing certain instructions requested by appellee's attorneys.   The first of these was intended, it is said, to submit to the jury the question of the duty of the deceased in the exercise of ordinary care " to exercise his other senses more actively on account of his partial loss of hearing."   There is no evidence so far as we are advised, except the occurrence of the accident, that the deceased " failed and neglected to rely upon such other senses."   The second instruction, the refusal of which is complained of, it is said should have been given because it advised the jury of the defendant's theory of the case.   It appears, however, that the seventh instruction given covered substantially the same ground.   The third refused instruction was intended to advise the jury that a street railway company is not bound to be on its

guard against unusual and extraordinary events, such as a sudden and unexpected attempt to cross the track in front of the moving car. The instruction would have told the jury it became the duty of the appellant to stop its car only when its servants " had notice of or knowledge of the intention of the deceased to do as the jury may believe from the evidence he did do." The instruction was properly refused. It is argumentative, would have been misleading, and does not correctly state the law applicable to the facts. If the car was being driven at a negligent rate of speed at the time, place and under the conditions existing when the accident occurred appellant would not be relieved of responsibility by the want of notice or knowledge of the intentions of the deceased.

The judgment of the Superior Court must be affirmed.

*Affirmed.*

Mr. Justice STEIN took no part.